## FIRST DISTRICT—OCTOBER TERM, 1896.

### Oscar S. Steward v. West Chicago Street Railroad Company.

1. EVIDENCE—*When Testimony of Witness May be Disregarded.*—An instruction which tells the jury that if they believe any witness has willfully testified falsely as to any material fact, they may disregard his evidence entirely except in so far as it is corroborated by other credible witnesses, or by all the facts and circumstances in evidence, is bad, because it requires corroboration by more than one witness or by all the circumstances.

**Trespass on the Case,** for personal injuries. Appeal from the Superior Court of Cook County; the Hon. PHILIP STEIN, Judge, presiding. Heard in this court at the October term, 1896. Reversed and remanded. Opinion filed December 28, 1896.

WING, CHADBOURNE & LEACH, attorneys for appellant; BROWN & SNYDER, of counsel.

EGBERT JAMIESON and JOHN A. ROSE, attorneys for appellee.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

After a trial ending March 26, 1896, in a verdict for the appellee, and a motion for a new trial, denied April 8, 1896, the appellant filed September 19, 1896, under stipulation *nunc pro tunc*, as of June 2, 1896, a bill of exceptions, "O K'd" by an attorney of the appellee, containing a very extraor-

dinary instruction as given on behalf of the appellee. No blame is imputed to anybody. The mistake was made in reading from the notes of a stenographer the contents of a lost instruction.

November 16, 1896, the appellee procured in the court below a substitution of other instructions, by amendment of the bill of exceptions. We do not find it necessary to give further details as to this amendment and substitution.

The record, as now presented amended, contains as an instruction given on request of the appellee, the following:

" If the jury believe from the evidence that any witness has willfully and deliberately testified falsely to any material fact in this case, then the jury may entirely disregard all the testimony of such witness, except in so far as it may be corroborated by other credible witnesses, or by all the circumstances and facts as shown by the evidence in this case."

The action was for a personal injury, the appellant alleging that he received it by the negligence of the appellee.

He so testified, and was corroborated by one witness— one only.

They were contradicted by witnesses for the appellee.

Before the jury the question was upon the veracity of the witnesses.

If the jury believed from the evidence that the appellant and his witness had each " willfully and deliberately testified falsely to any material fact in the case," though the facts were different and disconnected, and of minor importance, then the whole testimony of each might be by the jury entirely disregarded, although the jury might believe that in the main the testimony was true. The appellant and his witness corroborated each other, but neither of them was corroborated by witnesses, in the plural.

And in no case of any variety of circumstances can any witness be corroborated " by all the circumstances and facts as shown by the evidence." For various faults in instructions as to credibility, many judgments have been reversed. Hoge v. People, 117 Ill. 35.

But in no case, which we can recall, was the credibility of the witness hinged upon an impossible corroboration.

Without going more into detail, the judgment is reversed and the cause remanded.